# Exhibit D

# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell: (917) 273-2693
nboxer@pkbllp.com

March 27, 2018

**By E-Mail**

Amanda K. Kramer
Rebecca G. Mermelstein
Jessica Greenwood
Assistant United States Attorneys
U.S. Attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

    **Re:** *United States v. David Middendorf, et al.*, **18 Cr. 36 (JPO)**

Dear AUSAs Kramer, Mermelstein, and Greenwood:

  On behalf of our client, David Middendorf, we renew and particularize our request for production of *Brady* material.

  On February 5, 2018, we requested production of the following:

1. All information in the possession, custody or control of the government that is required to be disclosed under the Fifth and Sixth Amendments to the United States Constitution (*see, e.g., Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995)), and Rules 12(b)(4)(B), 16(a), and 26.2 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."); and

2. All documents, statements, agents' reports, and tangible evidence favorable to Mr. Middendorf on the issue of guilt and/or which affects the credibility of the government's case, any government witness, or Mr. Middendorf's participation in any of the charges in the Indictment. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 103-04 (1976).

March 27, 2018
Page 2

By letter dated February 13, 2018, you responded that you were aware of your obligations pursuant to *Brady* and its progeny and would "make any such material available promptly upon discovery."

Since receipt of your February 13 correspondence, we obtained a transcript of the January 5, 2018, court proceeding during which Brian Sweet pleaded guilty before United States Magistrate Judge Robert W. Lehrburger, Information 18 Cr. 008, to the charges of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. At page 21 of the transcript, the following colloquy occurred:

> The Court: Can you please tell me in your own words what it is that you did in violation of the law?
>
> The Defendant: From at least in or about April 2105 up to and including in or about February 2017, I and others, willfully and knowingly, agreed and did obtain, share, and use confidential information from the PCAOB in order to affect PCAOB inspection outcomes which are, in turn, reported to the SEC. The PCAOB transmits inspection reports to the SEC which uses those inspection reports to carry out its regulatory oversight and enforcement functions. In connection with these crimes, I and others used e-mail and telephones across state lines.
>
> The Court: *When you committed these acts, did you know that they were illegal and in violation of law?*
>
> The Defendant: *I did not have an understanding of that at the time*, your Honor, but I do understand that now.

Jan. 5, 2018 Tr. at 21:7-22 (emphases added).

Mr. Middendorf is charged with, *inter alia*, conspiring with Mr. Sweet (and others) to defraud the United States in violation of 18 U.S.C. § 371 and to commit wire fraud in violation of 18 U.S.C. § 1349. Mr. Sweet's sworn statement to Magistrate Judge Lehrburger that Mr. Sweet did not understand, at the time he was allegedly part of the charged conspiracies, that his conduct was illegal or in violation of the law, is *Brady* material and should have been produced to the defense "promptly" (your words) upon discovery by the government. The government must prove beyond a reasonable doubt that Mr. Middendorf acted willfully, that he intended to do something that the law forbids or acted with a bad purpose; sworn testimony from Mr. Middendorf's alleged coconspirator that when committing the acts alleged he did not understand those acts to be illegal and in violation of the law negates proof of willfulness and is "favorable" to Mr.

March 27, 2018
Page 3

Middendorf. *See Brady v. Maryland*, 373 U.S. at 88 ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.") In addition, any notes or reports of any meetings, interviews or proffer sessions with Mr. Sweet during which he made any statement similar to his colloquy in Court on January 5 is also *Brady* material and should be promptly produced to the defense.

Finally, if any statements similar to Mr. Sweet's have been made by other individuals interviewed by the government, either about their own intent or the intent of others (including named and unnamed alleged coconspirators of Mr. Sweet and of the defendants charged in Indictment 18 Cr. 36 (JPO)), such statements should be produced to the defense forthwith in accordance with *Brady* and other governing case law.

Very truly yours,

Nelson A. Boxer
Amy Lester
Alexandra R. Clark
Petrillo Klein & Boxer LLP
- *and* -
Gregory S. Bruch
Khiran Sidhu
Bruch Hanna LLP

cc: All defense counsel