# Exhibit K



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2018

**BY ELECTRONIC MAIL**

Norman Bloch
Thompson Hine
335 Madison Avenue, 12th Floor
New York, New York 10017-4611

                **Re:** *United States v. Cynthia Holder*, 18 Cr. 36 (JPO)

Dear Counsel:

       The Government writes in response to your letter dated February 5, 2018. In your letter, you make various formal requests for discovery. The Government hereby writes to respond to those requests. As an initial matter, the Government is fully aware of its constitutional and statutory discovery obligations, and intends to comply with such obligations. Further, because the Government has not yet produced the bulk of the discovery in this matter, your detailed requests for information at this time are premature, as you have not yet had an opportunity to assess the nature, scope, and volume of the Government's discovery production.

       Requests A.1 and A.3 to A.5 of your letter seek material the Government is obligated to make available pursuant to Fed. R. Crim. P. 16. The Government is fully aware of its obligations under Fed. R. Crim. P. 16 and intends to comply with its obligations under that rule.

       Request A.2 of your letter requests a copy of Ms. Holder's prior criminal record. A copy of a criminal history check for Ms. Holder was provided to you on or about January 25, 2018.

       Request A.5 of your letter calls for expert disclosure. The Government is aware of its obligations under Rules 702, 703, and 705 of the Federal Rules of Evidence and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and will provide any such expert disclosure sufficiently in advance of calling any expert witness at trial.

       Requests B.1, B.2, and B.4 broadly call for the production of material required to be produced pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963). The Government is aware of its obligation to produce material pursuant to *Brady* and its progeny and will make any such material available promptly upon discovery.

       Requests B.3, B.5, B.6 and D.5 seek production of Jencks Act/§ 3500 material and material required to be produced pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972). In keeping with the general practice in this District, the Government intends to produce

impeachment material at the same time as Jencks Act material, which will be sufficiently in advance of trial in order for you and counsel for the other defendants in this matter to make effective use of such material at trial.

Requests C.1 through C.100 call for (i) the identification of the identities of various individuals, entities, and other descriptions that were anonymized in the Indictment, and (ii) a bill of particulars. With respect to (i), on February 12, 2018, the Government provided you with a list of the principal individuals and entities anonymized in the Indictment (SDNY-00029535). We do not believe that any further disclosure is warranted. With respect to (ii), the Government believes that a request for a bill of particulars is both premature and unwarranted. *See, e.g.*, *United States* v. *Mitlof,* 165 F. Supp. 2d 558, 569 (S.D.N.Y.2001) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Governments evidence or legal theories.").

Requests C.101 and C.102 in your letter seek information about unindicted co-conspirators. As a general matter, the Government is not required to disclose such information. However, a court may order such disclosure after balancing certain enumerated factors. *See United States* v. *Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000) (setting forth six factors for a court to consider when determining whether to order disclosure of the identity of unindicted co-conspirators). The Government does not intend to make the requested disclosure unless ordered to do so by the Court following appropriate analysis of such factors by the parties.

Request D.1 calls for the disclosure of search warrants and wiretaps. On approximately February 9, 2017, the Government produced search warrants and accompanying affidavits executed during the investigation of the present matter. The Government is in the process of producing evidence obtained through these search warrants to you. The Government is not aware at this time of any information obtained in this matter through the use of wiretaps. If the Government becomes aware of any such information, the Government will produce such information in accordance with its discovery obligations.

Request D.2 calls for the notice contemplated in Federal Rules of Evidence 404(b). The Government has not yet determined whether it seeks to introduce any evidence pursuant to that rule, but will provide any such notice sufficiently in advance of trial so that any impacted defendant can move in a timely fashion for appropriate relief. *See, e.g.*, *United States* v. *Ojikere*, 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) ("Courts in this Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b).") (collecting cases).

Request D.3 requests statements made by any of Ms. Holder's co-defendants in any internal or government investigation of this matter so that Ms. Holder can assert her rights pursuant to *Bruton* v. *United States*, *Crawford* v. *United States*, and their progeny. The Government has not yet determined whether it seeks to introduce any such evidence, but will provide any such notice sufficiently in advance of trial so that any impacted defendant can move in a timely fashion for appropriate relief.

Request D.4 request copies of any statements made or adopted by any alleged co-conspirator, co-defendant or agent of Ms. Holder regardless of whether the government intends to introduce those statement at trial. To the extent this request calls for materials subject to Fed. R. Crim. P. Rule 16(a)(1), the Government is fully aware of its obligations that rule and intends to comply with its obligations under that rule. With respect to statements of co-conspirators and co-defendants, such materials are not discoverable and the Government does not intend to produce such statements. *United States* v. *Percevault*, 490 F.2d 126, 131 (2d Cir. 1974) ("Rule 16(a) simply does not encompass [co-conspirator] statements, nor does the Jencks Act permit their disclosure over the objection of the government."); *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987) ("[T]he Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies"). Notably, the Jencks Act does not apply to prior statements made by nontestifying co-conspirators. *United States* v. *Shyne*, 617 F.3d 103, 106-08 (2d Cir. 2010).

As always, following our production of discovery in this matter, we remain available to discuss any specific questions you might have about any particular item of discovery, or to discuss any additional requests for material that you might have.

        Very truly yours,

        Geoffrey S. Berman
        United States Attorney

by:     /s/ Rebecca Mermelstein
        Rebecca Mermelstein
        Amanda Kramer
        Jessica Greenwood
        Assistant United States Attorneys
        (212) 637-2360/2478/1090