UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - against -                                    18 Cr. 36 (JPO)

DAVID MIDDENDORF, *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# DEFENDANT DAVID MIDDENDORF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS

PETRILLO KLEIN & BOXER LLP
Nelson A. Boxer
Amy Lester
Alexandra R. Clark
655 Third Avenue
New York, NY 10017

BRUCH HANNA LLP
Gregory S. Bruch
Khiran Sidhu (*pro hac vice*)
1099 New York Ave., NW
Washington, DC 20001

*Attorneys for David Middendorf*

David Middendorf respectfully submits this reply Memorandum of Law in further support of his motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Additionally, Mr. Middendorf joins in the motions made by his co-defendants for additional particulars and the disclosure of *Brady* material.

## I. Neither the Indictment nor the Voluminous Discovery Apprises Mr. Middendorf of the Basic Allegations Underlying the Wire Fraud Counts

Mr. Middendorf is charged with three substantive counts of wire fraud and one count of conspiracy to commit wire fraud, yet the Indictment fails to allege specific facts regarding the most basic elements of a wire fraud charge: which wires he is alleged to have transmitted (or caused to be transmitted) and which misrepresentations he is alleged to have made. *See* 18 U.S.C. § 1343 (prohibiting the transmission of wires in furtherance of "any scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises").

Rather than responding directly to these fundamental requests, the government's opposition largely relies on boilerplate assertions that "bills of particular would undoubtedly be helpful to the defense in any case," Gov. Br. at 23,[1] that a "bill of particulars should not be misused to compel the government to disclose the manner in which it will attempt to prove the charges," *id.*, that the Indictment is detailed, Gov. Br. at 20, and that the government has produced a large volume of Rule 16 discovery. *Id.* These responses miss the point: Mr. Middendorf is entitled to know the basis for the allegations against him—the wires and misstatements he purportedly caused or made in connection with Counts Two through Five of the Indictment (the "Wire Fraud Counts")—so that he can adequately prepare a defense and avoid double jeopardy. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000)

---

[1] The government's omnibus opposition brief, Dkt. No. 107, is cited as "Gov. Br."

1

("[A] bill of particulars permits a defendant 'to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'") (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.), *cert. denied*, 498 U.S. 906 (1990) (A "bill of particulars should be required . . . where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.").

In cases like this one, in which the charging instrument fails to identify the allegedly offending wire transmissions and/or the misrepresentations that form the basis of fraud allegations, courts in this District have ordered bills of particulars. *See, e.g., United States v. Percoco*, No. 16 Cr. 776 (VEC), 2017 WL 6314146, at *21 (S.D.N.Y. Dec. 17, 2017) ("The Court . . . does believe that the Government should identify the specific wires on which it bases its wire fraud allegations."); *United States v. Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) ("Given the exceptional volume of mailings and wire transmissions in this case . . . it is not unreasonable for the Defendant to want to know which mailings and wire transmissions the Government will rely upon to prove its case."); *United States v. Reale*, No. 95 Cr. 1069 (DAB), 1997 WL 580778, at *14 (S.D.N.Y. Sept. 17, 1997) ("Defendants' request for a Bill of Particulars identifying the specific mailings and wire transfers and the approximate dates alleged in Counts Nine through Eleven on which they occurred is granted."); *see also United States v. Scully*, 108 F. Supp. 3d 59 (E.D.N.Y. 2015) (ordering a bill of particulars stating "the specific fraud alleged in each count, including the false statements alleged to have been made").

The government responds to the request for particularity as to the specific wires transmitted by citing a number of paragraphs in the Indictment which it claims "provide the defendants with information about the use of wires in furtherance of Count Three [and] in

2

furtherance of Count Four." Gov. Br. 25 (citing Indictment ¶¶ 36, 37, 50(a), 50(c), 63, 64, 65, 66, 67, 68(b), 69). Notably, however, the government omits any mention of a wire transmission in furtherance of Count Five. Furthermore, on close inspection, none of the four paragraphs cited by the government with respect to Count Three alleges a wire transmitted (or caused to be transmitted) by Mr. Middendorf.[2] Similarly, six of the seven paragraphs cited by the government with respect to Count Four do not include any allegation of a wire transmitted by Mr. Middendorf, and the government has not indicated whether it intends to rely upon the single remaining communication involving Mr. Middendorf in the Indictment, ¶ 67, or whether it will rely on entirely different communications. The government's failure to identify any wire transmitted by Mr. Middendorf in the Indictment or its opposition brief—or in any other correspondence with the defendants or the Court—with respect to two of the three substantive wire fraud counts, and its reluctance to commit itself to relying upon the single alleged wire involving Mr. Middendorf with respect to the third substantive wire fraud count, bespeak the need for additional particularity.

The government acknowledges but does not respond to Mr. Middendorf's request for particulars regarding his materially false representations or omissions made in furtherance of the substantive wire fraud counts (Counts Three, Four, and Five). This approach, of refusing to identify which misrepresentations or omissions the government is relying upon, is consistent with the government's previous failure to reveal necessary particulars about the charges against

---

[2] Paragraphs 36, 50(a), and 50(c) do not contain any communications involving Mr. Middendorf. While Paragraph 37 includes the description of an email received by Mr. Middendorf, an email which the defendant did not send or cause to be sent cannot support a charge of wire fraud. *See United States v. Dooley*, 578 F.3d 582, 588 (7th Cir. 2009).

3

Mr. Middendorf in its opposition to his motion to dismiss the Wire Fraud Counts for failing to allege a material misrepresentation or omission in breach of a duty to disclose. *See* Dkt. No. 74.

Having failed to allege a factual basis for wire fraud against Mr. Middendorf in the Indictment, the government now argues that it should not be ordered to file a bill of particulars, because it has "carefully prepared, to date, several organized and text-searchable discovery productions that adequately inform the defendants of the charges of which they face." Gov. Br. 27. However, "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." *United States v. Bin Laden,* 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000). The government does not explain why or how it believes that the defendants will be able to identify the specific wire transmissions upon which the government intends to rely in the more than 100,000 documents produced in discovery, tens of thousands of which are email and telephone communications. *See United States v. Savin,* No. 00 Cr. 45(RWS), 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (ordering bill of particulars where defendant had "been provided with 100,000 pages of discovery," a "veritable mountain of documents" that the government would have forced the defendant to "comb through" to "attempt to guess at" which transactions were allegedly improper). Similarly, given the large volume of discovery, it is not possible for Mr. Middendorf to ascertain which representations or omissions the government will allege at trial were material and false, as he must in order to prepare a proper defense. *See United States v. Nacchio,* No. 05 Cr. 00545, 2006 WL 2475282, at *8 (D. Col. 2006) (finding that it was "not sufficient simply to refer defense counsel to discovery," because "dumping vast quantities of documents and information on one's opposing party does not always elucidate what is going on, so that the [d]efendant can adequately prepare for trial"). And, compounding the problem are the expansive timeframes of the substantive wire fraud charges: Count Three spans "[f]rom at least

4

in or about April 2015 through at least in or about May 2015," Indictment ¶ 97; Count Four spans "[f]rom at least in or about March 2016 through at least in or about May 2016," Indictment ¶ 99; and Count Five spans "[f]rom at least in or about January 2017 through at least in or about February 2017," Indictment ¶ 101.

Mr. Middendorf requests particularity with regard to foundational facts underlying the multiple wire fraud charges against him. The government attempts to deflect from the basic nature of these requests by citing four pages of string cites to cases that do not relate to the types of requests for particularity at issue here, Gov. Br. 20-24, and by arguing that "[a]t bottom, the defendants' request for additional specificity . . . constitutes an effort to compel the Government to identify its witnesses, witness statements, and trial exhibits—evidentiary detail to which the defendants are plainly not entitled at this juncture." Gov. Br. 28. This assertion ignores the nature of Mr. Middendorf's requests, which do not seek information on *how* the government will prove its case, but, rather, seek necessary clarity with regard to *what* the government is actually charging, information required to prevent unfair surprise and allow Mr. Middendorf to adequately prepare his defense to the Wire Fraud Counts. *See Bortnovsky*, 820 F.2d at 574. Accordingly, we respectfully request that the Court order the government to produce a bill of particulars.

## CONCLUSION

For all of the reasons set forth herein and in our moving Memorandum of Law, the Court should order the government to provide a bill of particulars.

Dated: July 13, 2018
      New York, New York

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: _____
Nelson A. Boxer
Amy Lester
Alexandra R. Clark
655 Third Avenue
New York, NY 10017
Telephone: (212) 370-0330
nboxer@pkbllp.com

BRUCH HANNA LLP
Gregory S. Bruch
Khiran Sidhu (*pro hac vice*)
1099 New York Ave., NW
Washington, DC 20001
Telephone: (202) 969-1630
gbruch@bruch-hanna.com

*Attorneys for David Middendorf*

6