UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.

DAVID MIDDENDORF, et al.,

              Defendants.

18 Cr. 36 (JPO)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT THOMAS WHITTLE'S MOTION TO COMPEL PARTICULARIZATION AND PRODUCTION OF *BRADY* MATERIAL**

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000

*Attorneys for Defendant Thomas Whittle*

## INTRODUCTION

Defendant Thomas Whittle respectfully submits this reply memorandum of law in support of his motion to compel the particularization and production of exculpatory material, pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 16. The Government's June 29, 2018 opposition brief ("Response"), while lengthy, failed to address the central claims Mr. Whittle made in his opening brief. It is undisputed that the Government is in possession of exculpatory materials critical to the defense. The Government has chosen to obfuscate and withhold these materials, while at the same time assuring the Court that it understands its legal obligations. Those bare assurances do not excuse the Government from complying with its present obligations under *Brady* and Rule 16. We respectfully move to compel immediate production of the exculpatory materials in the Government's possession.

## ARGUMENT

The Government is obligated under *Brady* to produce "all material evidence favorable to" criminal defendants. *United States* v. *Triumph Capital Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008). In its Response, the Government offers continued assurances that it "recognizes its obligations under *Brady*" and that "it will produce any such materials to the extent it becomes aware of them." (Gov't Br. at 9.)[1] The Government made similar promises to the defendants earlier this year.[2] Despite these representations, the Government failed to provide as *Brady* material Brian Sweet's January 5, 2018 plea colloquy, during which Sweet acknowledged that he did not believe he had committed a crime when he committed the same acts with which the defendants are charged in this case. Additionally, only after four months and repeated requests

---

[1] The Government's opposition brief, Dkt. No. 107, is cited as "Gov't Br."
[2] *See* Exhibit J at 2 and Exhibit K at 1 of the Declaration of Nola B. Heller ("Heller Decl.") (Dkt. No. 100) ("The Government is aware of its obligation to produce material pursuant to *Brady* and its progeny and will make any such material available promptly upon discovery.").

from multiple defendants did the Government make the *Brady* disclosures contained in its June 1, 2018 letter.[3]

The Government's belated disclosures do not satisfy its *Brady* obligations. Such "disclosures must be sufficiently specific and complete to be useful." *United States* v. *Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007); *see also Leka* v. *Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001) ("The opportunity for use under *Brady* is the opportunity for a responsible lawyer to use the information with some degree of calculation and forethought."). The Government does not even try to justify its disclosures against this legal standard, but instead attempts to distinguish *Rodriguez* and *Leka* as "factually irrelevant." (Gov't Br. at 12.) Whatever factual differences there may be, the holdings are good law in this Circuit and require the Government to supplement its disclosures <u>in this case</u>, because there is no way to read the June 1, 2018 letter and discern what any of the *Brady* witnesses actually said. If the *Brady* disclosure remains as is, Mr. Whittle will be "left to gamble on what witness[es] would say," and will be unable to prepare a meaningful defense. *Rodriguez*, 496 F.3d at 226 (summarizing *Leka*, 257 F.3d at 103).

The exculpatory witness statements are in the Government's possession and have been for months. The Government has not provided a reason why it has chosen to withhold and confuse the contents of these statements. Certainly there are no safety concerns here that would counsel against revealing the specifics in advance of trial, and it is Mr. Whittle's understanding that each of the witnesses is represented by counsel. The only potential explanation, then, is that the Government wants to place Mr. Whittle and his co-defendants at a competitive disadvantage

---

[3] Additionally, the Government stated in its Response that it would be providing the defendants with certain of their own statements made to KPMG and/or the PCAOB "early" during the week of July 2, 2018. (Gov't Br. at 9 n.4.) As of this writing, Mr. Whittle has yet to receive any such statements.

2

by delaying production of the contents of the statements.  Such gamesmanship is entirely inappropriate in the context of *Brady* material.

The Government's disclosures related to KPMG's 2016 audit work papers likewise fall short.  In its June 1, 2018 letter, the Government stated that four individuals "have expressed the view that changes made to audit work papers in 2016 were not substantive."  *See* Heller Decl., Exhibit M, at 3.  As with the above-described statements, Mr. Whittle cannot properly evaluate these disclosures because they are insufficiently specific; there is no way to discern which witnesses made statements about which changes, or even which audits.  The Government responds that it has produced all of the work papers it received from KPMG.  (Gov't Br. at 13.)  If the Government cannot provide a full set of work papers and is unwilling to procure such materials from KPMG, then at a minimum it must identify which changes to the audit work papers the Government will attempt to prove were substantive.  Without this information, Mr. Whittle will not be able to meaningfully prepare for trial.  *See Rodriguez*, 496 F.3d at 226.

Mr. Whittle also requested in his motion that various additional materials, including presentations, correspondence, and white papers submitted by KPMG to the Government be produced, to the extent that they contain exculpatory information, such as hypothetical or actual statements made by KPMG and/or its current or former employees asserting that no crime was committed in this case.  (Whittle Br. at 8-9.)  The Government did not respond specifically to this request.  Mr. Whittle assumes that, by its silence, the Government represents that it is not currently in possession of any such materials.  Nonetheless, given the Government's reluctance and delay in fulfilling its *Brady* obligations, Mr. Whittle renews his request that the Court issue an order compelling the Government to particularize and supplement its existing *Brady*

disclosures, namely, the disclosures made in the June 1, 2018 letter, as well as to provide specific and complete summaries of any exculpatory materials yet to be produced.

## CONCLUSION

For the foregoing reasons, Mr. Whittle respectfully requests that the Court grant the relief requested in his motion. Mr. Whittle reserves the right to make additional motions as appropriate and applicable, including, but not limited to, motions related to issues that were not apparent by June 8, 2018. Further, as previously stated, Mr. Whittle joins in each of his co-defendants' pretrial motions, to the extent applicable.

Dated: July 13, 2018  
       New York, New York

Respectfully submitted,

/s/ Nola B. Heller
_____
Bradley J. Bondi  
Nola B. Heller  
Sean P. Tonolli (*pro hac vice*)  
CAHILL GORDON & REINDEL LLP  
80 Pine Street  
New York, NY 10005  
Tel: (212) 701-3008  
nheller@cahill.com

*Attorneys for Defendant Thomas Whittle*