

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 25, 2018

**By ECF and EMAIL**

The Honorable J. Paul Oetken
United States District Judge
40 Foley Square
Southern District of New York
New York, New York 10007

      Re:    <u>United States v. David Middendorf, et al.,</u>
               18 Cr. 36 (JPO)

Dear Judge Oetken:

      We write in brief response to the defendants' July 23, 2018 letter seeking to adjourn trial in the above referenced matter from October 15, 2018 to February 11, 2019. For the reasons set forth below, the Government objects to any adjournment. Should the Court be inclined to grant an adjournment, however, the Government respectfully submits that trial should be scheduled to begin no later than November 26, 2018.

      The defendants' principal arguments in favor of an adjournment – that the volume of discovery has exceeded initial predictions and that they have had trouble retaining experts – were raised by the defendants at the March 2018 conference and rejected by the Court. These arguments have no more merit now than they did in March and do not support the requested adjournment.

      Perhaps mindful of this, the defendants add two new arguments: (i) that the Government has produced approximately 21,000 additional "documents and data" since the March conference; and (ii) that the Government has "provided only portions of the 2016 audit work papers at issue in the case," necessitating efforts by the defendants to themselves investigate. (Ltr. at 3). Neither argument moves the needle.

      To be clear, the modest additional discovery produced since the March 2018 conference has consisted almost exclusively of materials received by the Government since that date. Moreover, the defendants received the vast majority of that production in April 2018, more than two months ago. Accordingly, nothing about the discovery in this case necessitates an adjournment of a trial date three months away.

      With respect to the 2016 work papers, the Government has produced the entirety of the

1

work papers in its possession.  The Government does not believe that the defendants need to acquire the entirety of the 2016 KPMG work papers in order to assess or defend against the Indictment's allegations.  Nor does the Government believe that the production of the relevant work papers is in any fashion "disjointed."  (Ltr. at 3).  The defendants are of course free to seek additional documentation from KPMG within the appropriate bounds of Rule 17(c).  It appears they have already done so.  (Ltr. at 3) ("The defendants have, in addition, been pursuing the documents and information elsewhere.").  Indeed, they could have done so months ago.  But nothing about the Government's production of the work papers in its possession or the defendants' decision to obtain additional documents justifies an adjournment of trial.

      For the reasons set forth above, the Government opposes any adjournment of trial.  Should the Court consider granting an adjournment, the Government further submits that trial should be scheduled to begin no later than November 26, 2018.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

by: _____/s/_____
      Rebecca Mermelstein
      Amanda Kramer
      Jessica Greenwood
      Assistant United States Attorneys
      (212) 637-2360/2478/1090