

June 5, 2018

**VIA EMAIL**

The Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   United States v. Middendorf et al., 18-cr-36 (JPO)

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
orrick.com

**Robert Stern**

E  rstern@orrick.com
D  +1 202 339 8542

**Melinda Haag**

E  mhaag@orrick.com
D  +1 415 773 5495

Dear Judge Oetken:

    We write in response to the Government's letter dated June 1, 2018, which purports to "correct two factual inaccuracies" that arose during oral argument on May 31, 2018. Letter at 1. Neither statement pointed to by the Government is inaccurate. To the contrary, both of the Government's "corrections" rely on the same flawed premise: they conflate precedent—i.e., judicial opinions and holdings—with prosecutors' unchallenged charging decisions.

    First, the Government contends that Mr. Shahabian "suggested that this case would represent the first time since *Cleveland v. United States*, 531 U.S. 2 (2000), *that the Government has brought wire fraud charges* for the theft of confidential information from an entity with a 'regulatory' function." Letter at 1 (emphasis added). That is not what Mr. Shahabian said. He said:

> To get around that choice, the indictment has decided to take the generic conspiracy statute and the generic wire fraud statute and apply them in a way that has never been done before…. [This] would be the first case *to allow a wire fraud prosecution to go forward* post-*Cleveland* based on intangible regulatory information. It's never been used in any sort of government lea[k] prosecution and *upheld post-*Cleveland.

Tr. at 62 (emphasis added); *accord id.* at 20 ("The government cannot point to a single *opinion post-*Cleveland *upholding* the use of the mail or wire fraud statutes to prosecute the disclosure of confidential regulatory information. It's never been used like this in a way *that's been upheld post-*Cleveland." (emphasis added)). That statement is accurate. The Government still cannot cite a single opinion holding that intangible regulatory information is "property" post-*Cleveland*.

    Instead, the Government cites four prosecutions in this District for only the proposition that it decided to *charge* the defendants with wire fraud on theories similar to the one advanced in this case. Three of the four resulted in guilty pleas in which, as the Government acknowledges, the defendants did not challenge the Government's theory. In the fourth, *United States v. Blaszczak*, No. 17 Cr. 357 (LAK) (S.D.N.Y.), the defendants were convicted after trial. In their mid-trial Rule 29 motion, the *Blaszczak* defendants argued that the information at issue there was not "property" under *Cleveland*, *see* ECF No. 251, at 12-13, a motion on which the district court reserved decision and ordered post-trial briefing to be completed by July 27, 2018. Accordingly, in addition to having no precedential value, the Government is wrong to represent that "[n]one of the defendants in these

June 5, 2018
Page 2

matters contested that the confidential information was property under the wire fraud statute." Letter at 1.

>  Second, the Government contends that Mr. Shahabian misstated that:
>
> *United States v. Fowler*, 932 F.2d 306 (4th Cir. 1991), concerning the theft of confidential information from the Department of Defense, is irrelevant because it is a Section 641 case. That is not entirely correct. While the Fourth Circuit was presented only with the applicability of Section 641, the defendant was also convicted of mail fraud at trial. He did not appeal his mail fraud conviction and thus did not challenge that the confidential information was property under that statute on appeal.

Letter at 1.  Again, that is not an accurate description of the colloquy between the Court and Mr. Shahabian.  The transcript reads:

> THE COURT: The government cites cases from the Fourth Circuit and the First Circuit involving stealing government information and things like that. I assume your argument on those is they're pre-*Cleveland*.
>
> MR. SHAHABIAN: They're pre-*Cleveland* first and foremost, but that's not the only argument. They're both distinguishable even if they were post-*Cleveland*. So the *Fowler* case from the Fourth Circuit is not a wire fraud case, *although it's cited for that in the government's brief. If you read the case, they're referring to Section 641*, which is a separate statute which criminalizes any thing of value of the United States, and the[re is a] Circuit [] split on whether that covers confidential information, but it's not implicated in this case. So the *Fowler* case is simply inapposite.

Tr. at 21 (emphasis added).  Mr. Shahabian's response to the Court's question is accurate.  Although the defendant in *Fowler* was convicted of mail fraud, he never challenged the mail fraud charges on the basis that there was no "property" interest at stake.  Accordingly, on appeal the Fourth Circuit's opinion addressed *Carpenter* in the context of Section 641 only.  *See* J. Reply Br. at 18 n.5 ("The Government claims that the Fourth Circuit's decision in *United States v. Fowler*, 932 F.2d 306 (4th Cir. 1991), 'cited *Carpenter* for the principle that [government] information constitutes property under Section 1343.'  Opp. at 35.  It did not.  *Fowler* analogized to *Carpenter* to hold that classified government information is a 'thing of value of the United States' under 18 U.S.C. § 641, a statute the Defendants here are not accused of violating.  932 F.2d at 310.").

Respectfully submitted,

/s/                                                     /s/

Melinda Haag                              Robert Stern
(admitted *pro hac vice*)

cc:
All counsel of record (via email)