```
    J2bdmid1

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  UNITED STATES OF AMERICA,                New York, N.Y.

 4              v.                           18 Cr. 0036(JPO)

 5  DAVID MIDDENDORF and JEFFREY
    WADA,
 6
                    Defendants.
 7
    ------------------------------x
 8
                                             February 11, 2019
 9                                           9:55 a.m.

10
    Before:
11
                        HON. J. PAUL OETKEN,
12
                                             District Judge
13                                           and a jury

14
                              APPEARANCES
15
    GEOFFREY S. BERMAN
16       United States Attorney for the
         Southern District of New York
17  BY:  REBECCA G. MERMELSTEIN
         AMANDA K. KRAMER
18       JORDAN LANCASTER ESTES
             Assistant United States Attorneys
19
    PETRILLO KLEIN & BOXER LLP
20       Attorneys for Defendant David Middendorf
    BY:  NELSON A. BOXER
21       AMY R. LESTER
         ALEXANDRA REBECCA CLARK
22           - and -
    BRUCH HANNA LLP
23  BY:  GREGORY S. BRUCH

24

25
```

J2bdmid1

1                       APPEARANCES CONTINUED

2    BROWN RUDNICK LLP
          Attorneys for Defendant Jeffrey Wada
3    BY:  STEPHEN COOK
          JUSTIN S. WEDDLE
4         SELBIE JASON
              - and -
5    LATHAM & WATKINS
     BY:  JASON MASASHI OHTA
6

7             - also present -

8    Lyeson Daniel, Postal Inspector
     Virginia Faughnan, Postal Inspector
9    Luke Urbanczyk, Government Paralegal
     Nathaniel Cooney, Government Paralegal
10   Kiezia Girard-Lawrence, Postal Inspector
     Stephanie O'Connor, Defendant Middendorf paralegal
11   Sarah Chojecki, Defendant Wada paralegal

12

13                            oOo

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK:  In the matter of the United States of
2     America against David Middendorf and Jeffrey Wada.
3          Starting with the government, counsel please state
4     your name for the record.
5          MS. MERMELSTEIN:  Good morning, your Honor.  Rebecca
6     Mermelstein, Jordan Estes and Amanda Kramer for the government.
7     With us is Luke Urbanczyk and Nathaniel Cooney, who are
8     paralegals in our office, and Postal Inspectors Virginia
9     Faghnan and, over there, Lyeson Daniel and Kiezia
10    Girard-Lawrence.
11         THE COURT:  Good morning.
12         MR. BOXER:  Good morning, your Honor.  Nelson Boxer,
13    Amy Lester, Greg Bruch, Alex Clark for Mr. Middendorf.
14         THE COURT:  Good morning.
15         MR. COOK:  Good morning, your Honor.  Stephen Cook,
16    Justin Weddle, Jason Ohta and Selbie Jason on behalf of Jeffrey
17    Wada.
18         THE COURT:  Good morning, everyone.  Thank you.
19         As you can see already, this courtroom is extremely
20    acoustically challenged.  It is very, very important that you
21    speak into the microphones or the court reporter will not hear
22    you and we'll be constantly interrupted.
23         I would like to start with an allocution regarding any
24    plea offers.  Is there anything we need to address before that?
25         (Pause)

1           OK.  I would like to start by asking the government

2   whether the government has extended any plea offers to either

3   or both defendants?

4           MS. MERMELSTEIN:  There was no plea offer extended to

5   Mr. Middendorf.  There was a plea offer extended to Mr. Wada.

6   I'm struggling to remember the terms.  I believe it was a plea

7   to -- I don't know if Mr. Weddle can remind me -- to the two

8   conspiracy counts and one of the substantive counts, but the

9   government sent the plea offer and never heard back and there

10  has been no further discussion.

11          THE COURT:  Was it in writing?

12          MS. MERMELSTEIN:  It was.

13          THE COURT:  OK.

14          And counsel for Mr. Wada, did you receive that offer?

15          MR. COOK:  Yes, your Honor.

16          THE COURT:  And the way counsel, Ms. Mermelstein,

17  described it, is that consistent with your recollection of it?

18          MR. COOK:  My recollection, your Honor.

19          THE COURT:  Did you discuss it with Mr. Wada?

20          MR. COOK:  I did.

21          THE COURT:  All right.  Did you discuss the difference

22  in sentencing exposure, exposure in accepting the plea offer

23  versus going to trial?

24          MR. COOK:  I did.

25          THE COURT:  All right.  Mr. Wada, did you receive that

J2bdmid1

communication from your counsel?

    DEFENDANT WADA:  I did, your Honor.

    THE COURT:  OK.  And having considered it, did you decide, and do you decide today, that you would like to go to trial?

    DEFENDANT WADA:  Yes, your Honor.

    THE COURT:  OK.  Thank you.

    And Mr. Boxer, is what counsel said also consistent with your understanding?

    MR. BOXER:  It is, your Honor.

    THE COURT:  OK.

    And, Mr. Middendorf, have you had a chance to discuss taking -- pleading guilty versus going to trial?

    DEFENDANT MIDDENDORF:  Yes.

    THE COURT:  And is your decision to go to trial?

    DEFENDANT MIDDENDORF:  Yes.  Definitely.

    THE COURT:  OK.  Thank you.

    Any other preliminary matters?  There are a couple of things that came in over the weekend, including the issue of a motion in limine precluding Government Exhibit 654 relating to Mr. Middendorf's iPhone.  And any other preliminary issues?

    MS. MERMELSTEIN:  Two other issues, neither of which is incredibly time sensitive if the jury is here.

    One, as your Honor knows, the crux of this trial concerns confidential PCOB information.  In order to prove that

1  that information was stolen, the government will of course have
2  to show some of that information to the jury, but much of it
3  remains incredibly confidential from the PCOB's perspective.
4  And so with respect to the limited number of exhibits that
5  reveal the most confidential information, I think it would be
6  impractical to prevent all of it from entering the public
7  sphere while the government intends to publish to the jury and
8  to counsel, we would like to maintain a few of those exhibits
9  under seal so they are not publicly available to anyone who
10 wanted access to PCOB's confidential information.
11        I understand that we have not yet identified which we
12 think fall into that category.  I understand that
13 Mr. Middendorf has no objection to that proposal and that
14 Mr. Wada I think has an objection to that proposal.  We can
15 certainly put something in writing.  We are obviously not
16 showing exhibits to anyone today, but we wanted to flag that
17 for your Honor.
18        The other matter is, as your Honor knows, there is a
19 subpoena served on counsel for Sweet and Whittle for both
20 communications between counsel and the government and for
21 counsel's own notes of any interviews conducted of their client
22 by the government.  Both counsel for Mr. Whittle and Mr. Sweet
23 have moved to quash that subpoena.  The government joins in
24 that motion.  I think it would be unprecedented for the Court
25 to allow that subpoena to be enforced.

1    We're happy to put something in if your Honor thinks
2 it is necessary.  I think it has been adequately briefed by the
3 other lawyers at this point, but we just wanted to flag for
4 your Honor that we agree with counsel for Mr. Whittle and
5 Mr. Sweet, and we join in the motion and are happy to brief it
6 further if your Honor would like us to.
7    THE COURT:  I don't think I need more briefing on it.
8 I received the motions to quash, and I received over the
9 weekend defendant's response.
10   Are counsel for -- the counsel who submitted the
11 motions to quash in the courtroom today?
12   MS. MERMELSTEIN:  No, your Honor.
13   THE COURT:  OK.  I'm not going to address it further,
14 then, but I don't think I need more briefing on it.  I will let
15 you know if I do.
16   For openings -- I forgot to raise this at the final
17 pretrial conference -- obviously, exhibits will not be used in
18 openings.  Are parties or counsel planning to use anything in
19 terms of demonstratives or anything in openings?  I generally
20 don't allow anything being used unless the parties agree to it?
21   MS. ESTES:  The government is not, your Honor.
22   MR. BOXER:  No, your Honor.
23   THE COURT:  OK.
24   MR. COOK:  Your Honor, we have one demonstrative.  We
25 will show it to the government before we use it.

J2bdmid1

1      THE COURT:  OK.  Do you know if you have any objection
2  to it?
3      MS. KRAMER:  We have not seen it, your Honor.
4      THE COURT:  All right.  So confer, please, on that
5  before openings.
6      I'm ready for the voir dire.  We're waiting for the
7  jury pool at this point.  I think I just have one question.  I
8  do want to run through the names because I don't want to the
9  mispronounce the names.
10     So for the prosecution, I will indicate Jordan Estes,
11 Amanda Kramer and Rebecca Mermelstein, who will be assisted by
12 Peter Urbanczyk and Nathaniel Cooney, paralegals, and Virginia
13 Faughnan.  Is it Faughnan?
14     MS. MERMELSTEIN:  Yes, your Honor.
15     And Lyeson Daniel?
16     MR. DANIEL:  Yes, your Honor.
17     THE COURT:  OK.
18     MS. MERMELSTEIN:  Your Honor, I'm sorry to interrupt
19 you.  We have one more postal inspector present.  We passed up
20 a Post-it note to Mr. Hampton to add her name.
21     THE COURT:  Oh, yes.
22     MS. MERMELSTEIN:  And that may be the most difficult
23 one to pronounce.
24     THE COURT:  Yes.  Is it Kiezia?
25     MS. GIRARD-LAWRENCE:  Yes.

1          THE COURT:  Girard-Lawrence?

2          MS. GIRARD-LAWRENCE:  Yes.

3          THE COURT:  And you are also an inspector with the
4    U.S. Postal Service?

5          MS. GIRARD-LAWRENCE:  Yes, your Honor.

6          THE COURT:  OK.

7          And defendants and defense counsel, David Middendorf,
8    Nelson Boxer, Amy Lester, Alexandra Clark, Greg Bruch; is that
9    the right list?

10         MR. BOXER:  It is, your Honor.

11         THE COURT:  And defendant Jeffrey Wada, counsel
12   Stephen Cook, Justin Weddle, Jason Ohta and Selbie Jason?

13         MR. COOK:  Correct, your Honor.

14         THE COURT:  And assisted by Sarah Chojecki and
15   Stephanie O'Connor?

16         MR. COOK:  Yes, your Honor.

17         THE COURT:  OK.  I'm not going to go through the whole
18   list of names.  I will do my best.  If I butcher some of these
19   names when I go through the list of possible witnesses, feel
20   free to correct me.

21         I did also receive a list of a whole bunch of
22   companies that have stock, and I'm debating whether to include
23   the question about do you hold individual stock because I am
24   afraid that that could take a long time for people sitting
25   there trying to remember all the stock that they own, and I'm

1  not sure that it's really a relevant question for voir dire.  I
2  am happy to hear people's views about it.
3              MS. KRAMER:  Your Honor, we have discussed this list
4  and had the same thoughts that your Honor just expressed, and
5  would propose asking the jury, instead of the list, if you own
6  stock in a company that was audited by KPMG, would that affect
7  your ability to be fair and impartial?  So that if someone
8  said, well, yeah, right, like whatever the stock is, if I own
9  stock in that company and they were audited and it is discussed
10 in this case, that would really bother me, that may address it
11 so that you get to the principle rather than the specifics.
12             MR. BOXER:  That is fine, your Honor.  I think if you
13 phrased it and it turns out that KPMG audited the company, I'm
14 sure none of the prospective jurors will know which auditor
15 audited the companies they own stock in.
16             THE COURT:  OK.
17             MR. BOXER:  With that addition, I think we are fine
18 with that.
19             MR. COOK:  That is fine, your Honor.
20             THE COURT:  OK.  Any other preliminary matters?
21             MS. KRAMER:  Not from the government, your Honor.
22             MR. BOXER:  No, your Honor.
23             MR. COOK:  No.
24             THE COURT:  OK.  I think I might take a five-minute
25 recess while we wait for the jury panel.

1             (Pause)
2             Apparently, the potential jurors are watching the
3  famed jury video at this point so it will probably be at least
4  20 minutes before they arrive, so we'll take a recess for about
5  20 minutes.
6             (Recess)
7             THE COURT:  The jury pool is on its way over so it
8  will be a few more minute, so you can relax.
9             (Pause)
10            (Jury selection began)
11            (Continued on next page)

1           (Jury selection under separate cover)

2           (Whereupon a jury of 12 jurors and six alternates was
3    impaneled and sworn.

4           THE COURT:  Thank you very much, ladies and gentlemen.

5           you are now the jury in this case and I am going to
6    release you in a minute.  Before I do, there are a couple
7    things I want to reiterate.  I will give you more instructions
8    on this in the morning about your role versus my role, the role
9    of lawyers in the case, etc., the presumptions of innocence and
10   the burden of proof in a criminal case.  I will explain all of
11   that in the morning.  The one thing I want to emphasize right
12   now because you are all going home later than you should be, I
13   realize, but I want to emphasize how important it is that you
14   not talk about the case, not do any research on the case.

15          It is very important in fairness to the parties in any
16   trial in this court house or any court house that the case be
17   decided based on the evidence in the trial.  That is very
18   important.  So, I don't want you to be talking to other people
19   about the case, looking on the Internet or anything about the
20   case because that's not fair to the parties, and I am
21   instructing you if anyone asks you anything about the case, you
22   can tell them you are on a jury in a trial before Judge Oetken,
23   you can say it is a criminal trial but I don't want you to go
24   in any more detail.  Don't talk about what it is about, who is
25   involved, anything like that.  Just tell them that the Judge

asked you not to say anything other than you are a jury on a trial. All right?

Again, no research. Don't talk to anyone involved in the case or look into it. All right? Does anybody have any questions?

Mr. Hampton will take you back and give you final administrative questions and answers for you about where to go and what to do. If things do start late tomorrow for some reason, there is a chance we will have to go on Friday part of the day, but generally we will be sitting Monday through Thursday, if we can, and Fridays off. All right? But I will update you on that tomorrow. Again, you can call that number to find out if the court house is closed for some reason but, as far as I know, it will be open and we will start at 9:30 here in the courtroom.

Thanks, everybody. We will see you tomorrow.

(Continued on next page)

J2B5mid2

1           (Jury not present)
2           THE COURT:  You may be seated.  So, we didn't get to
3    openings but we will do that tomorrow.  Let me just ask, so I
4    know, who is opening for everybody.
5           MS. ESTES:  Your Honor, I am opening for the
6    government.
7           MR. BOXER:  I will be opening, your Honor.
8           MR. COOK:  On behalf of Mr. Wada, I will be opening.
9           THE COURT:  Okay.  You all got that number to call?  I
10   think it is probably going to be open, the court house, but if
11   we learn in the next few hours we will obviously e-mail
12   everybody and you can check the number in the morning.
13          Anything else we need to discuss?  I don't think there
14   is anything you need to know for openings.  I think you know
15   what are open items that you shouldn't be discussing, I
16   believe.
17          MR. COOK:  Your Honor, I want to inquire if the Court
18   had any additional guidance on the willfulness issue.
19          THE COURT:  On the what?
20          MR. COOK:  The willfulness issue.
21          THE COURT:  I don't have a definitive ruling on
22   exactly what the instruction is going to be.  At this point I
23   think I am leaning on something like Judge Abrams' instructions
24   which is in one of the letters.
25          Do you know what I am talking about?

J2B5mid2

1             MR. COOK:  Yes, your Honor that's helpful.  Thank you.
2             THE COURT:  Anything else we need to talk about?
3             MS. KRAMER:  Defense counsel showed us the
4    demonstrative, Mr. Cook showed us the demonstrative he intends
5    to use during opening and we have no objection to it.
6             THE COURT:  Good enough.  Have a good night,
7    everybody.  See you tomorrow.
8             (Adjourned to February 12, 2019 at 9:30 a.m.)